IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HIU-YEE GOODNOW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 11-CV-54-GKF-FHM |
| | ) |
| OKLAHOMA DEPARTMENT OF HUMAN | ) |
| SERVICES, JOHN McCRACKEN, | ) |
| JOAN GOIN, STEPHANIE STIE, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Before the court are plaintiff Hiu-Yee Goodnow's Motion for Leave to File Corrected Second Amended Complaint [Dkt. #30], Motion for Rehearing [Dkt. #31] and alternative Motion to Certify Question to the State Court [Dkt. #32]. Defendants oppose all three motions.

**I. Background/Procedural Status**

Goodnow, a former employee of the Oklahoma Department of Human Services ("DHS"), sued defendants for disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 1201 *et seq.,* as amended by the ADA Amendments Act of 2008, PL 110-2008 ("ADAAA"), and 42 U.S.C. § 1983. In her Amended Complaint, she asserted claims against DHS for failure to accommodate in violation of 42 U.S.C. §§ 12112(a) and (b)(5) (First Cause of Action); retaliation in violation of the ADAAA (Second Cause of Action); and wrongful termination in violation of the ADAAA (Third Cause of Action). She asserted claims for violation of 42 U.S.C. § 1983 against individual defendants John McCracken, Joan Goin and

Stephanie Stie for harassment, retaliation and termination in violation of the ADAAA (Fourth Cause of Action); violation of her constitutional right of due process (Fifth Cause of Action); and Violation of her right of equal protections (Sixth Cause of Action).

The court granted DHS's motion to dismiss the first through third causes of action in the Amended Complaint based on Eleventh Amendment sovereign immunity. [Dkt. #28 at 2-3]. The court granted the Individual Defendants' Motion to Dismiss the Fourth Cause of Action for violation of 42 U.S.C. § 1983 based on Individual Defendants' alleged violation of the ADAAA, finding plaintiff cannot bring a § 1983 action to enforce the substantive rights created by Title I of the ADAAA. [*Id.* at 6-8]. Additionally, the court dismissed the Fifth Cause of Action for deprivation of procedural due process under the Fourteenth Amendment because plaintiff, a probationary employee, was not alleged to be a permanent classified employee under the Oklahoma Personnel Act and therefore had no protected property interest in her job. [*Id.* at 8-9]. The court dismissed the Sixth Cause of Action for deprivation of her right of equal protection, finding, based on *Engquist v. Oregon Dept. of Agriculture,* 553 U.S. 591 (2008), that plaintiff failed to state a cognizable "class of one" claim. [*Id.* at 9-8]. The court gave plaintiff leave to file a motion to amend her complaint on or before October 21, 2011. [*Id.* at 11].

## II. Motion for Leave to File Corrected Second Amended Complaint

On October 21, 2011, plaintiff—without leave of court—filed a Second Amended Complaint. [Dkt. #29]. Subsequently, she filed a motion in which she seeks leave to file a "Corrected Second Amended Complaint." [Dkt. #30]. The court has stricken the Second Amended Complaint as filed without leave of court and in violation of the previous order. [Dkt. #42]. Defendants oppose plaintiff's motion.

The proposed "Corrected Second Amended Complaint" omits claims against DHS and includes additional factual allegations about conduct by Individual Defendants which she asserts violated her rights. The proposed Second Amended Complaint once again asserts § 1983 claims against the Individual Defendants for alleged violations of the ADAAA, her due process rights and her right of equal protection.

### First Cause of Action (§ 1983 Claim Based on ADAAA Violations)

The court, in dismissing this claim the first time around, held *as a matter of law* that plaintiff could not enforce substantive rights created by Title II of the ADA through a § 1983 claim. [Dkt. 28 at 7-8]. *See Stevenson v. ISD No. 1-038 of Garvin Co., Oklahoma,* 393 F. Supp.2d 1148 (W.D. Okla. 2005). Plaintiff will not be permitted to assert this futile claim.

### Second Cause of Action (§ 1983 Claim Based on Violation of Due Process Right)

Similarly, the court previously dismissed this claim because plaintiff did not allege facts supporting the existence of a legally cognizable property interest, e.g. that she was a permanent classified employee under the Oklahoma Personnel Act. Thus, she had no right to a pretermination hearing and/or the right to appeal her discharge. [Dkt. #28 at 8-9]; 74 O.S. § 840-6.4, 6.5. Plaintiff's proposed Corrected Second Amended Complaint contains no facts supporting a legally cognizable property interest. Therefore, leave to file must be denied with respect to this claim.

### Third Cause of Action (§ 1983 Claim Based on Violation of Right of Equal Protection)

In its earlier order dismissing plaintiff's complaint, the court found that plaintiff, in alleging Individual Defendants denied her right to equal protection by "harassing her, retaliating against her, and discharging her pursuant to DHS custom, policy, and practice *unlike the*

3

*treatment accorded similarly situated DHS employees,"* had attempted to assert a "class of one" claim.

Typically, equal protection claims concern governmental classifications that "affect some groups of citizens differently than others." *McGowan v. Maryland,* 366 U.S. 420, 425 (1961). The Supreme Court has recognized, though, that an equal protection claim can, in some circumstances, be sustained where a plaintiff has not alleged class-based discrimination, but instead claims she has been irrationally singled out as a so-called "class of one." *Village of Willowbrook v. Olech,* 528 U.S. 562, 564-65 (2000). However, in *Engquist v. Oregon Dept. of Agriculture,* 533 U.S. 591, 606-07 (2008), the court declined to recognize a "class of one" claim in the public employment context.

Plaintiff's proposed Corrected Second Amended Complaint alleges no facts that render her claim anything other than an impermissible "class of one" claim against a public employer. Therefore, leave to amend must be denied.

### III. Motion for Rehearing

Plaintiff seeks reconsideration of the court's order dismissing her claims against DHS. She asserts the court misapprehended applicable law with respect to these claims.

"[A] Rule 59(e) motion to reconsider is designed to permit relief in extraordinary circumstances and not to offer a second bite at the proverbial apple." *Syntroleum Corp. v. Fletcher Int'l, Ltd.,* No. 08-CV-384-JHP-FHM, 2009 WL 761322, at *1 (N.D. Okla. March 19, 2009) (quoting *Maul v. Logan Cty. Bd. of Cty. Comm'rs,* No. CIV-05-605, 2006 WL 3447629, at *1 (W.D. Okla. Nov. 29, 2006)). A motion to reconsider may be considered on the following grounds: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the*

*Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.,* 57 F.3d 941, 948 (10th Cir. 1995)). In other words, when the court has "misapprehended the facts, a party's position, or the controlling law," a motion to reconsider is appropriate. *Id.; see Syntroleum Corp.,* 2009 WL 761322, at *1.

Plaintiff asserts the court committed error in granting defendants' motions to dismiss. Clear error, as contemplated by Rule 59(c), requires "the definite and firm conviction that a mistake has been committed based on the entire evidence or that a particular fact determination lacks any basis in the record." *Maul,* 1005 WL 3447629, at *1.

In its earlier order the court, citing *Edelman v. Jordan,* 415 U.S. 651, 662-63 (1974); *Board of Trustees of the University of Alabama v. Garrett,* 531 U.S. 356, 360 (2001); *Estes v. Wyoming Dept. of Transportation,* 302 F.3d 1200, 1203 (10th Cir. 2002); *Tarver v. State of Oklahoma,* 2010 WL 944205 (N.D. Okla. 2010); and *Elwell v. State of Oklahoma,* 2011 WL 560455 (W.D. Okla. 2011), held that plaintiff's claims for violation of Title I of the ADAAA were barred by Eleventh Amendment sovereign immunity. The court rejected plaintiff's argument that sovereign immunity does not apply to the ADAAA. Further, the court rejected plaintiff's argument that the state has waived sovereign immunity.[1] Having reviewed plaintiff's motion, the briefing on the motions to dismiss and the court's order granting those motions, the court believes it committed no "clear error" and its dismissal of the Amended Complaint was appropriate. Therefore, plaintiff's Motion for Rehearing [Dkt. #31] is denied.

---

[1] The court rejected plaintiff's argument that Oklahoma implicitly waived sovereign immunity by agreeing with EEOC to share jurisdiction to investigate allegations of employment discrimination or by any other conduct. [Dkt. # 28 at 3]. Although plaintiff cited cases confirming federal and state laws prohibit disability discrimination (*See, e.g., Tate v. Browning-Ferris, Inc., 833 P.2d 1218* (Okla. 1992); *Kruschowski v. Weyerhaeuser Co.,* 202 P.3d 144 (Okla. 2008)), she cited *no* authority for the proposition that the state's Eleventh Amendment immunity has been abrogated or waived.

### IV. Motion to Certify

Alternately, plaintiff seeks an order submitting "state constitutional questions" to the Oklahoma Supreme Court. Plaintiff does not specify what "state constitutional questions" she proposes to submit to the state court.

Whether to certify a question of state law to the state supreme court is within the discretion of the federal court." *Armijo v. Ex Cam, Inc.*, 843 F.2d 406, 407 (10th Cir. 1988) (citations omitted). The court believes the law regarding Eleventh Amendment immunity of states to disability discrimination lawsuits is well settled. Therefore, plaintiff's alternative motion to certify is denied.

### V. Conclusion

For the foregoing reasons, plaintiff's Motion for Leave to Amend [Dkt. #30], Motion for Rehearing [Dkt. #31] and Motion to Certify [Dkt. #32] are denied.

ENTERED this 22nd day of March, 2012.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT